J. Lewis Mylar, Ph.D. Chairman State Board of Psychological Examiners 1525 Sherman Street Denver, Colorado 80203
Dear Dr. Mylar:
In your letter of July 10, 1978 you requested an opinion from this office which would clarify whether those licensed psychologists who act as examiners at the request of the board are entitled to the state's insurance coverage and whether they would receive legal representation by this office in cases arising out of their actions as an examiner during the board's oral examination part of the licensing exam.
QUESTIONS PRESENTED AND CONCLUSIONS
You specifically ask the following questions:
1. Can a licensed psychologist, acting as an examiner at the board's request, be held liable for malpractice due to his recommendations to the board?
My conclusion is no.
2. Would a person who acted as an oral examiner and was included in a suit against the board as a defendant be represented by this office?
My conclusion is no.
3. Do the provisions of the Colorado Governmental Immunity Act, C.R.S. 1973, 24-10-101 et seq. apply to persons voluntarily providing services to the board?
My conclusion is no.
ANALYSIS
Prior to specifically answering the above posed questions, it is necessary to discuss the authority of the board to administer examinations, in order to evaluate applicants for certification, and the authority of the board to delegate such function to any nonboard member.
The term "board" is defined as the "Colorado state board of psychologist examiners" in C.R.S. 1973, 12-43-102(1) and is made up of nine members appointed by the governor, C.R.S. 1973, 12-43-103(1). The board is specifically authorized to:
 Examine for . . . the certification of psychologist applicants as provided under this article;
C.R.S. 1973, 12-43-104(3)(a). Additionally the board may require that applicants for certification:
 Demonstrate professional competence by passing an examination in psychology prescribed by the board.
(Emphasis added.) C.R.S. 1973, 12-43-109(1)(d). The statute further requires that the board designate the place and time of the exam and that the exam shall be "under such supervision as the board may determine." C.R.S. 1973, 12-43-109(3). The exam is to be composed of three parts and the board shall grade the examination. C.R.S. 1973, 12-43-109(4) and (5) (note the mandatory requirement that the board is to grade the examination). In addition the board is authorized to employ personnel necessary for the proper performance of its work under this article. C.R.S. 1973, 12-43-104(3)(b). (Emphasis added.)
From the above analysis it is clear the board is statutorily mandated to require, administer and grade an examination to those applicants for certification.
I find no authority in the Psychology Practices Act allowing the board to delegate the administering of other than a specifically designated exam which is uniformly given and graded pursuant to written standards to all applicants for certification. The oral exam procedure as described in your letter allows nonboard members to administer exams rather than to supervise uniformly given exams. Because each applicant is given other than a standard oral exam, serious questions are raised as to how the board can uniformly grade such exams, as the board is required to do by statute. The board is to prescribe an examination
to be given to all applicants. This can not be done when different groups of nonboard members administer different exams without written standards to various applicants. This action on the part of nonboard members is not contemplated by the statute as it is currently written. Nonboard members are limited to administering an exam as prescribed by the board or may supervise the board prescribed exam if requested to do so by the board. They may not grade the exam, which is currently being allowed. The Psychology Practices Act would have to be amended before the board could properly allow such actions on the part of nonboard members.
Given the lack of statutory authority for your present oral exam practices, I must respond to your questions by stating generally that nonboard members who are participating in the oral examination procedure outlined in your letter are not covered by the state's insurance carrier nor would they be represented by this office should legal proceedings be initiated against them. Even if there were a formal contractual agreement between these volunteer examiners and the board, setting forth what was expected of them, I find no authority in the statute allowing such an agreement as to the activities in question, namely the administering and grading of such an oral exam without written standards.
Any answer this office would give concerning your question dealing with malpractice by a nonboard member would be highly speculative. Parenthetically, I note that the more accurate terminology would concern the negligence or impropriety of action of the nonboard examiner rather than malpractice. Without specific factual details concerning such an incident this office can not give a satisfactory response.
In determining whether the Colorado Governmental Immunity Act, C.R.S. 1973, 24-10-101 et seq., applies to a nonboard member acting as an oral examiner it is necessary to review the statute itself. The term public entity for the purposes of the Act means
 (t)he state, county, city and county, incorporated school district, special improvement district, and every other kind of district, agency, instrumentality, or political subdivisions of the state organized pursuant to law.
C.R.S. 1973, 24-10-103(5). The Board of Psychologist Examiners would fit in the above definition. Public employee is also defined and means:
 (a)n officer, employee, or servant of the public entity, whether or not compensated, elected, or appointed, but does not include an independent contractor.
C.R.S. 1973, 24-10-103(4). Under the facts set forth in the letter the nonboard examiner does not fall into any of the above categories. In effect the nonboard examiner does not serve the board but replaces it in the giving and grading of the oral exam. It would appear that the said nonboard member acts more as an independent contractor although it should be emphasized there does not appear to be statutory authority for this action nor a formal contractual relationship between the board and the nonboard examiners. For these reasons I would advise you that at this time and under the circumstances as outlined in your letter the Governmental Immunity Act does not cover the nonboard voluntary oral examiners.
Should the board determine that an oral examination is necessary to properly evaluate candidates for certification in Colorado, the following recommendations should be considered.
1. Obtain legislative authority to specifically allow the use of nonboard members to not only supervise but to administer a standard or uniform oral examination as devised by the board.
2. There must be written and clearly set forth standards properly adopted by the board which would guide the examiners in the evaluation and administering of the board devised examination.
3. The final grading of any oral exam, not directly administered or initially evaluated by the board must be finally evaluated by the board pursuant to written and properly adopted standards, the same standards which had previously been followed by the nonboard examiners.
4. There should be a written contractual relationship between the board and the nonboard examiners, clearly setting forth such items as pay (if any), responsibilities and duties, and insurance coverage and legal representations in case of suit.
SUMMARY
Nonboard members grading oral examinations are not expressly authorized to do so under C.R.S. 1973, 12-43-101 etseq. These persons are not covered by the Colorado Governmental Immunity Act, nor the state's insurance carrier, nor would the attorney general represent such persons.
Very truly yours,
 J.D. MacFARLANE Attorney General
EXAMINATIONS PSYCHOLOGISTS SOVEREIGN IMMUNITY
C.R.S. 1973, 12-43-102 C.R.S. 1973, 12-43-103 C.R.S. 1973, 12-43-104 C.R.S. 1973, 12-43-109 C.R.S. 1973, 24-10-101 et seq. C.R.S. 1973, 24-10-103
REGULATORY AGENCIES, DEPT. Psychologist Examiners Bd.
Nonboard members grading oral examinations are not expressly authorized to do so under C.R.S. 1973, 12-43-101 etseq. These persons are not covered by the Colorado Governmental Immunity Act, nor the state's insurance carrier, nor would the attorney general represent such persons.